## VINSEL v STANDARD SURETY & CASUALTY CO.

Ohio Appeals, 2nd Dist, Franklin Co

No 2945. Decided March 28, 1939

Joseph F. Hogan, Columbus, and D. Curtis Reed, Columbus, for defendant-appellant.

Frazier & Holiday, Zanesville, and C. W. Gibson, Columbus, for plaintiff-appellee.

## OPINION

**BY THE COURT:**

This is an appeal on questions of law from a judgment of the trial court for the plaintiff in the sum of $790.00 and costs. The assignments of error are

predicated upon the refusal of the trial judge to sustain motions of the defendant for judgment on the pleadings for a directed verdict at the conclusion of the plaintiff's case and at the end of the whole case; to submit to the jury the question of res judicata. It is further assigned that there was error in the court's charge and that the verdict is against the weight of the evidence.

It is not necessary to set out the averments of the petition, the answer thereto and the reply. We discuss the questions raised in a general way. The action was predicated. upon damages for breach of contract. The contract was set out in the form of a proposal acceptance, performance by plaintiff and failure of defendant to perform its obligations under the agreement. The answer was a denial of the terms of the contract and any meeting of the minds of the parties. The answer further set up res judicata in that in a prior action between the same parties wherein they stood in the same relationship as in the instant case issues were drawn and judgment rendered involving the same subject matter as presented by the issues in this case. The trial judge submitted the cause to the jury upon the issues drawn on the petition and the first defense of the answer and the reply thereto and refused to present to the jury the issue tendered in the second defense of the answer which was that of res judicata.

Plaintiff was a sub-contractor of the principal contractor in the erection of a post office at Zanesville, Ohio. The principal contractor was the firm of Ziher & Miller, Sandusky, Ohio, which firm defaulted in its contract and thereafter went into bankruptcy. The defendant was the surety on the principal contractor's bond. A suit was instituted in the District Federal Court on the principal contractor's bond wherein the United States of America on the relation of the Cleveland Quarries Company was the plaintiff and the defendant in this action, the defendant. There was a dispute between the surety for the contractor and the plaintiff as to the amount due the plaintiff for labor and materials furnished by him as subcontractor in the repair of the post-office building. Mr. Joseph F. Hogan represented the defendant Surety Company in the settlement of the claims against the principal contractor. The amount of plaintiff's claim was $2053.68 with interest.

Mr. Hogan, acting on behalf of defendant, notified the plaintiff and thereafter gave him a subsequent notice to present his claim. The plaintiff was represented by William B. Holliday, attorney at law, Zanesville, who called, relative to his clients accounts, upon Mr. Hogan at his office in Columbus in May, 1934. Mr. Hogan in his correspondence had theretofore offered the plaintiff the sum of $750.00 in full settlement of his claim.

At the meeting between Mr. Hogan and Mr. Holliday the conversation was had which plaintiff asserted constituted the subject matter of the contract upon which the action in this case was based. The contract was, as claimed by the plaintiff in the testimony that Mr. Hogan, acting for and on behalf of the defendant, promised to pay to plaintiff the sum of $790.00 and such additional amount as Mr. Ziher of the firm of Ziher & Miller, the principal contractor, might say was due the plaintiff, providing he would refrain from filing an intervening petition setting up his claim in the case which we have heretofore set out. That the plaintiff relying upon the promise of the agent of the defendant agreed to and did refrain from filing said intervening petition.

It further appeared from plaintiff's evidence that when Mr. Holliday later called Mr. Hogan by phone and requested payment of plaintiff's claim under the contract the time had elapsed within which the intervening petition, setting up plaintiff's claim in the federal court, could be filed and that Mr. Hogan then reported that his files on the case were closed. and he was no longer in the employ of the defendant company.

The contract, as claimed by the plain-

tiff, was denied by the defendant. The substantiation of the plaintiff's case, insofar as direct testimony is concerned, came from the testimony of his attorney, Mr. Holliday and the direct testimony of the defense was confined to the statement of Mr. Hogan, defendant's attorney. The trial judge expressly presented to the jury the issue whether or not this contract was made. There was thus presented to the jury the necessity of determining the true version of the controverted facts in the case under the direct testimony and in the light of all the circumstances. It is urged that the verdict is against the manifest weight of the evidence.

It is not necessary for us to dwell upon this claim other than to invoke the universally recognized rule that in the situation here presented a determination of the issue was peculiarly for the jury and with its conclusion we should not interfere.

The plaintiff did not produce any evidence whatever as to the fixing of any sum which might be due him in addition to the $790.00 which his evidence established the defendant agreed to pay. The trial judge properly, in our opinion, took the view first that the obligation was upon the plaintiff to prove the contract as asserted in the evidence, namely, that the defendant was to pay the fixed sum of $790.00 and an additional sum which might thereafter be determined as due the plaintiff, the amount to be fixed by Mr. Ziher. The contract being proven, and a part of that agreement to effect that $790.00 should be paid, it was proper then that the jury should be permitted to find for the plaintiff in that sum, although there was no basis for any finding in excess of that amount. The evidence disclosed that there was not any subsequent interview with Mr. Ziher by the attorneys for plaintiff and defendant, as was contemplated by the contract as established by plaintiff's testimony.

Several specific objections are offered to the petition. We consider enough of them briefly to exemplify the questions presented. It said that,

(1). "The petition does not allege that defendant agreed to pay any additional amount that Mr. Ziher might say was due the plaintiff,"

but that the petition states,

(2) "They would confer with Mr. Ziher in company with the plaintiff concerning said sum that any additional sum found to be due and owing the plaintiff would be paid."

The statement in (1) is true, because the petition does not allege that Mr. Ziher was to determine the additional sum to be due the plaintiff. It does aver that he relied upon the promises of the defendant and acted upon them by refraining from filing the intervening petition. There is discrepancy between the averment and the proof in that the proof discloses that the additional sum to be paid to the plaintiff over and above the $790.00 was to be fixed by Mr. Ziher, whereas the petition avers that this additional sum was to be the result of conference. Inasmuch as there was no specific objection to the testimony as proffered the issue was made upon the proof rather than upon the averment of the petition.

In this situation the judgment would not be reversed, though the pleadings do not make the issue and though there was no amendment of the pleadings. **Steel Company v Sheller, 108 Oh St 106, 112. Schnitzer v Cole, 4 C. C. (N.S.) 319.**

The question of most substance in this appeal in our judgment is that raised by the defense of res judicata. Prior to the instant action the plaintiff had instituted another action numbered 146,383 on the docket of the Common Pleas Court of Franklin County, Ohio, wherein the parties were the same as in the instant case, which action arose from the same transaction as here, sounded in tort and was for damages.

for alleged fraudulent misrepresentations set forth claimed to have been made to plaintiff's counsel by counsel for the defendant. In this former case issues were drawn by petition, answer and reply and the judgment entry discloses that a verdict was returned for the defendant and no motion for new trial made, and judgment was entered for the defendant for its costs. The trial court was of opinion that inasmuch as the former case was in tort and the instant cause on contract the former adjudication was not a bar to the prosecution of the action in the instant case to judgment.

1 O. Jur. p. 367, 368, recognizes that prior to the civil code of 1853 actions ex delicto and actions ex contractu could not be joined though both causes of action arose out of the same transaction. Speaking further, it is said:

"No express provision is made in the Code for joint contract and tort actions, but it provides that causes arising from the same transaction may be joined, and under that provision a cause of action sounding in tort may be united with one sounding in contract, if they are consistent * * * . The Code Commissioners say: 'Except only in cases where several causes of action arise out of the same transaction, some of which may sound in tort and some in contract, it is not permitted by this title that actions ex contractu and actions ex delicto shall be joined * * * and an action for fraud in the making of a contract may be joined with an action for breach of the same contract." Citing Byers v Rivers, 3 Ohio Dec. (Repr.) 231; Sturges v Burton, 8 Oh St 215; Murphy v Cincinnati, 10 O. D. N. P. 541.

The rule controlling determination whether or not the defense of res judicata in this case is well made is stated in 34 C. J. 909.

"The rule is often stated in general terms that a judgment is conclusive not only upon the questions actually contested and determined, but upon all matters which might have been litigated and decided in that suit, Strongward v American Brass Bedstead Company, 82 O. J. 121; Petersine v Thomas, 28 Oh St 596; Robey v Rainsberger, 27 Oh St 647; Covington, etc. Bridge Company v Sargent, 27 Oh St 233; and this is undoubtedly true of all matters properly belonging to the subject of the controversy and within the scope of the issues, so that each party must make the most of his case or defense, bringing forward all his facts, grounds, reasons, or evidence in support of it, on pain of being barred from showing such omitted matters in a subsequent suit; and it is also true that, where the second suit is upon the same cause of action, all matters which might have been litigated are conclusively settled by the judgment; * * * .

Gartner v Corwine, 57 Oh St 246, was an action for damages for breach of warranty with the further allegation that the defendant knew the warranty to be false. The court held that the plaintiff upon proof of warranty and its breach could recover damages sustained, though he failed to prove the defendant's knowledge of the falsity of the warranty. In Ohio Fuel Supply Company v Mt Vernon, 37 Oh Ap 160, it is said the test in determining whether former judgment is res judicata in subsequent suit is to ascertain if the same evidence would sustain both causes of action and, if such be true the former judgment is a bar, although the actions are different in form, 15 R. C. L. 964, 5; 2 Freeman on Judgments, Section 687.

In this case we are satisfied that in the original action the plaintiff could have recovered either upon proof of his contract as alleged, breach thereof, and damages resulting therefrom; or upon that proof together with further support of his charge of fraud. It follows that all matters which could have been litigated in the first action must be treated as determined.

in the first judgment and therefore that judgment precludes the recovery on the second cause of action. The defense of res judicata is established upon this record and requires that judgment be entered for the defendant. The other assignments of error are not well made.

Judgment accordingly.

HORNBECK, PJ, BARNES, J, GUERNSEY, J, concur.